# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

VIRGARRETT BECENTI,

     Plaintiff,

vs.                                                No. CV 19-00715 JCH/LF

WARDEN VIGIL,
CORRECTIONAL OFFICER J. SARTAIN,
CHAPEL ORTIC,
UNIT MANAGER JASLYN,
UNIT MANAGER W. PEREZ,
SERGEANT TURANO,

     Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Fed. R. Civ. P. 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Complaint for Violation of Civil Rights (Doc. 1) filed by Plaintiff Virgarrett Becenti. The Court will dismiss the Complaint for failure to state a sufficient 42 U.S.C. § 1983 claim and will grant Plaintiff Becenti leave to file an amended complaint to cure the deficiencies in his filing.

## I. Factual and Procedural Background

Plaintiff Virgarrett Becenti is a prisoner incarcerated at the Penitentiary of New Mexico. (Doc. 1 at 2). He brings claims against several prison officials under § 1983 for violation of "religious right." (Doc. 1 at 3). He alleges that Defendants "took items that were blessed and these items spiritual quality item, these were blessed and this error can not be fixed these items are tainted. Violates spiritual beliefs." (Doc. 1 at 6). He asks the Court to award "Psycolodical damages, punitive damages, 1,000,000 dollars." (Doc. 1 at 6).

## II. Dismissal for Failure to State a Claim

Plaintiff Becenti is proceeding pro se and *in forma pauperis*. (Doc. 4). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead,

may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

In this case, Plaintiff Becenti names six individual governmental officials as Defendants. (Doc. 1 at 2-4). However, the factual allegations of the Complaint only mention two of the named Defendants, Officer Sartain and Officer Turano. (Doc. 1 at 5). Although Warden Vigil, "Chapel Ortic," Unit Manager Jaslyn, and Unit Manager W. Perez are named as Defendants, the Complaint contains no allegations of any conduct by those individual officials. (Doc. 1 at 5-6). The Complaint does not specify what Defendants Vigil, Ortic, Jaslyn, or Perez did, or how any conduct on their part violated any civil rights of Plaintiff Becenti. *Robbins v. Oklahoma,* 519 F.3d at 1249-50; *Trask v. Franco*, 446 F.3d at 1046. Therefore, under either the Rule 12(b)(6) or § 1915(e)(2)(B) standards, the Complaint fails to state a § 1983 claim against Defendants Vigil, Ortic, Jaslyn, or Perez. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Nor are the allegations of the Complaint factually sufficient to state a plausible claim against Defendants Sartain or Turano. As to Defendant Sartain, Plaintiff claims that during a random shake-down at the prison, Officer Sartain had one of Plaintiff's religious items, sweet grass, in her hand and, even though Plaintiff told her she couldn't touch Native American religious items and identified policy no. 101100, she still took the item. (Doc. 1 at 5). As to Defendant Turano, Plaintiff claims that Officer Turano came, was told about the situation, and did nothing about it. (Doc. 1 at 5). These allegations are insufficient to state a § 1983 claim for violation of religious rights.

Plaintiff Becenti claims violation of his religious rights under the First Amendment. (Doc. 1 at 3). An inmate retains protections afforded by the First Amendment, including that no law shall prohibit the free exercise of religion. *See Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir.2007). However, the First Amendment protection is not without reasonable limitations in the prison setting. Prison inmates are subject to the "necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987). Under the Free Exercise Clause, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89 (1987).

The initial questions in a First Amendment free exercise claim are whether the plaintiff's beliefs are religious in nature and, if so, whether those religious beliefs are sincerely held. *Snyder v. Murray City Corp.,* 124 F.3d 1349, 1352 (10th Cir.1997). Plaintiff Becenti's Complaint alleges religious beliefs that are sincerely held by Plaintiff Becenti. For purposes of this Memorandum Opinion and Order, the Court treats Plaintiff Becenti's allegations of sincerely held religious beliefs as true. *Dunn v. White,* 880 F.2d at 1190.

When a religious exercise claim under the First Amendment is identified, the next step is to determine whether the government has imposed a substantial burden on that exercise. This inquiry must focus on the coercive impacts of the government's actions on the individual claimant's ability to engage in a religious exercise. The Tenth Circuit has found a burden to be substantial where: the government (1) requires the plaintiff to participate in an activity prohibited by a sincerely held religious belief, (2) prevents the plaintiff from participating in an activity motivated by a sincerely held religious belief, or (3) places considerable pressure on the plaintiff to violate a sincerely held religious belief—for example, by presenting an illusory or Hobson's choice where the only realistically possible course of action available to the plaintiff trenches on sincere religious exercise. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1314-15 (10th Cir.2010); *see also Lyng v. Northwestern Indian Cemetery Protective Ass'n,* 485 U.S. 439, 450 (1988); *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 716–18 (1981); *Yellowbear v. Lampert,* 741 F.3d 48, 55 (10th Cir.2014).

As a threshold matter, when faced with either a First Amendment claim, a court must inquire as to whether the prisoner has fulfilled his burden of alleging sufficient facts to indicate his ability to practice his "sincerely-held religious belief" has been "substantially burdened." *Gladson v. Iowa Department of Corrections,* 551 F.3d 825, 833 (8th Cir.2009). A plaintiff must demonstrate the "substantial burden" is more than a mere inconvenience. *Abdulhaseeb v. Calbone,* 600 F.3d at 1316. If the answer to the substantial burden inquiry is negative, the court need not examine the claim further because the Plaintiff is unable to prevail without showing a substantial burden. *Gladson*, 551 F.3d at 833.

Becenti's First Amendment allegations fail to sufficiently state a claim for several reasons. First, Plaintiff's claim fails because he has not shown that his right to practice his religion was

6

substantially burdened by a prison action or regulation that pervasively restricts an inmate's right to practice his religion. *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). Plaintiff Becenti does identify NMCD policy 101100, and claims the policy was violated, but has not specified how that policy or violation of the policy affected his ability to worship. *Gladson*, 551 F.3d at 833. The violation of a policy, alone, does not establish any substantial burden on Plaintiff's right to practice his religion.

Plaintiff does not explain how the taking by prison officials of a single item, sweet grass, during a routine prison shake-down was a substantial burden on his religious practice. (*See* Doc. 1 at 5-6). Plaintiff has not factually described with specificity how the taking of the sweet grass prevented him from performing any identified ritual or prevented him from practicing his religion. *Boles v. Neet*, 486 F.3d at 1182. Plaintiff's Complaint does not factually show that his right to practice his religion was substantially burdened. *Boles*, 486 F.3d at 1182.

The Court finds that Plaintiff has failed to state a claim that amounts to a First Amendment religious exercise violation. Although Plaintiff provides vague, generalized allegations of taking of a religious item, this does not cure the deficiency of his claim—namely, that he has failed to allege, much less show, that his right to practice his religion was substantially burdened. *See Boles*, 486 F.3d at 1182 (free-exercise claim concerned with prison regulations that pervasively restrict an inmate's right to practice religion). The Complaint fails to state a First Amendment claim for relief.

### III. The Court Will Grant Plaintiff Leave to File an Amended Complaint

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d

124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

In this case, the Court concludes that amendment of the complaint would not be futile. Therefore, the Court will grant Plaintiff Becenti the opportunity to amend his Complaint to remedy the defects in his pleading. *Hall v. Bellmon,* 935 F.2d at 1109. Any amended complaint must be filed within 30 days after entry of this Memorandum Opinion and Order. The amended complaint must factually specify the conduct of each named individual defendant and how that defendant's conduct violated Plaintiff's First Amendment religious rights. In addition, Plaintiff must set out facts showing how either prison policy or violation of that policy substantially burdened Plaintiff's exercise of his religious rights. If Plaintiff fails to file an amended complaint consistent with this Memorandum Opinion and Order within 30 days, the Court may enter a final dismissal of this case without further notice.

**IT IS ORDERED:**

**(1)** the Complaint for Violation of Civil Rights (Doc. 1) filed by Plaintiff Virgarrett Becenti is DISMISSED for failure to state a claim on which relief can be granted; and

**(2)** Plaintiff Virgarrett Becenti is granted leave to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDG